UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DENISE REINHARDT,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES
LTD., A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Denise Reinhardt, through undersigned counsel, sues Defendant, Royal Caribbean Cruises Ltd., and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties; and under Federal Question jurisdiction based on claims for Declaratory Relief pursuant to 28 U.S.C. § 2201, et. seq.

2. Plaintiff, Denise Reinhardt, at all times material hereto is and was a citizen of the State of California.

3. Defendant, Royal Caribbean Cruises Ltd., is a foreign corporation with its principal place of business in the State of Florida. At all times material, Royal Caribbean Cruises Ltd., was authorized to and conducted business in the State of Florida. Defendant has sufficient minimum contacts with Florida, or otherwise intentionally availed itself of the consumer markets within Florida to render the exercise of jurisdiction by Florida courts permissible under traditional notions of fair play and

substantial justice. Indeed, the Passenger Ticket Contract that Royal Caribbean Cruises Ltd. provided to Plaintiff included a forum selection clause that mandated that any litigation should be pursued before the United States District Court of the Southern District of Florida in Miami. A copy of the Contract is in the possession of Defendant and will be produced through discovery.

4. The causes of action asserted in this Complaint arise under Florida common law and statutory claims.

5. Venue is also proper in this Court since a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

6  Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 5 as though alleged herein.

7. At all times material, Defendant, Royal Caribbean Cruises Ltd., owned, operated, managed, maintained and/or controlled the cruise vessel "Jewel of the Seas".

8. On or about December 10, 2011, Plaintiff, Denise Reinhardt, boarded the Defendant's vessel for a cruise.

9. While on the cruise, on or about December 11, 2011, Plaintiff fell off of the stage on Defendant's vessel when the ship rocked.

10. As a result of the fall, Plaintiff sustained severe bodily injury, incurred medical expenses, out of pocket expenses, loss of income, loss of earning capacity, medical liens, and other damages.

## COUNT I
## BREACH OF PROMISE TO PAY DEBTS

11. Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 10 as though alleged herein.

12. Defendant promised to pay Plaintiff's debts and damages arising out of the fall aboard Defendant's vessel which occurred on or about December 11, 2011.

13. Said agreement or promise was made in writing.

14. Said agreement or promise was signed by a representative of Defendant; that is, the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

15. Plaintiff submitted all of her debts to Defendant for payment.

16. To date, Defendant refused to pay all or some of Plaintiff's debts and continues to refuse to pay the remainder of Plaintiff's past and future debts incurred as a result of the accident on Defendant's vessel on or about December 11, 2011.

17. As a direct and proximate cause of Defendant's failure to pay on their promise, Plaintiff has suffered damages, including compensatory and actual damage in excess of $75,000.00, exclusive of costs, attorney's fees and interest.

**WHEREFORE**, Plaintiff, Denise Reinhardt, demands judgment against Defendant, Royal Caribbean Cruises Ltd., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**COUNT II**
**ACTION FOR DECLARATORY RELIEF**

18. Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 10.

19. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201, et. seq.

20. Defendant promised to pay all or some of Plaintiff's past and future medical expenses related to an accident aboard Defendant's vessel on or about December 11, 2011.

21.     Plaintiff relied on this promise to her detriment and incurred over $200,000.00 in medical and related expenses.

22.     Defendant has denied payment despite the promise to pay Plaintiff's past and future medical expenses related to an accident aboard Defendant's vessel on or about December 11, 2011, and continues to refuse to pay Plaintiff said past and future medical expenses.

23.     There is a bona fide dispute between the parties hereto and Plaintiff has and does raise justiciable issues as to the existence or non-existence of her rights, powers, obligations and legal relations with the Defendant, by virtue of the promise to pay, actions of Defendant, the Complaint and applicable statutes of this state.

24.     Plaintiff is in doubt as to her rights, powers, obligations, and legal relations and there is an actual present need for a Declaratory Judgment as to the issues set forth herein.

**WHEREFORE**, Plaintiff, Denise Reinhardt, demands a declaration that Defendant's promise to pay is valid and enforceable, and further seeks costs, benefits, and interest.

## COUNT III
## PROMISSORY ESTOPPEL

25.     Plaintiff readopts, realleges and incorporates the allegations in paragraphs 1 through 10 as though alleged herein.

26.     Defendant promised to pay all of Plaintiff's debts and/or damages arising out of the fall aboard Defendant's vessel which occurred on or about December 11, 2011.

27.     Said promise was definite and substantial in nature, and included a specific promise to pay Plaintiff's past and future medical and related expenses incurred as a result of said accident.

28. Plaintiff justifiably relied on the promises made by Defendant and Defendant's employee(s).

29. Plaintiff relied on said promises to her detriment and incurred medical expenses, out of pocket expenses, loss of income, medical liens, and other damages.

30. The promises made by Defendant also induced third persons to treat Plaintiff, incur medical expenses, loan Plaintiff money, and/or otherwise care for Plaintiff.

31. Defendant made some payments on their promise, but some of said debts remain outstanding.

32. Injustice can be avoided only by enforcement of the promise.

33. As a direct and proximate cause of Defendant's failure to pay on their promise, Plaintiff has suffered damages, including compensatory and actual damage in excess of $75,000.00, exclusive of costs, attorney's fees and interest.

WHEREFORE, Plaintiff, Denise Reinhardt, demands judgment against Defendant, Royal Caribbean Cruises Ltd., for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Signed this 10th day of December, 2012

Respectfully Submitted,

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive
Suite 103-A
Weston, Florida 33331
Telephone:   (954) 515-5000
Facsimile:   (954) 659-1380

By: _____
JASON TURCHIN, ESQUIRE
Florida Bar No. 585300